IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-324-GCM

| | |
|---|---|
| PNC BANK, National Association, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AT-NET HOLDINGS, LLC; AT-NET ) | |
| SERVICES-CHARLOTTE, INC.; AT-NET ) | |
| SERVICES-GREENVILLE, INC.; AT-NET ) | |
| SERVICES-COLUMBIA, INC.; and ) | |
| JEFFREY S. KING, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support (Doc. No. 11); Defendant's Response in Opposition (Doc. No. 12); and Plaintiff's Reply (Doc. No. 13). For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Defendants At-Net Holdings, LLC, At-Net Services-Charlotte, Inc., At-Net Services-Greenville, Inc., and At-Net Services-Columbia, Inc. executed and delivered a Commercial Promissory Note in the original principal amount of $2,500,000.00 to RBC Bank, which was Amended and Restated on December 21, 2010. (*See* Pl. Mot. Summ. J., Ex. 1, Spalding Aff. ¶ 2). In conjunction with the Note, Defendant Jeffery S. King executed a Continuing Guaranty Agreement guarantying the payment of all obligations of the borrowers to the Bank. (*See* Compl. Ex. 2, Guaranty Agreement). Additionally, the Defendants executed a Loan and Security Agreement pledging certain collateral and further documenting the rights and obligations of the parties to the Agreement. (*See* Pl. Mot. Summ. J., Ex. 1, Spalding Aff.).

1

The Note matured on April 1, 2012. *Id*. Defendants failed to make certain payments as and when they became due, including a failure to pay at maturity, and Defendant King failed to pay under his guaranty. (*See* Def.'s Answer ¶ 14-15). The Bank made demand for all amounts owed, and Defendants failed to pay the indebtedness. (Def.'s Answer ¶ 15).

Plaintiff PNC Bank, N.A., successor by merger to RBC Bank, filed its complaint on May 30, 2013, asserting a claim against Defendants for breach of contract. (Doc. No. 1). On February 20, 2014, Plaintiff filed a Motion for Summary Judgment, and the Defendants responded on March 10, 2014.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986). The mere existence of a scintilla of evidence in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id*. at 252. A material fact affects the outcome of the suit under the applicable substantive law. *See id*. at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. DISCUSSION

In support of its Motion for Summary Judgment, Plaintiff proposes that the following facts are undisputed:

1. At-Net Holdings, LLC, At-Net Services-Charlotte, Inc., At-Net Services-Greenville, Inc., and At-Net Services-Columbia, Inc. executed and delivered to RBC Bank a Commercial Promissory Note in the original principal amount of $2,500,000.00. (*See* Pl. Mot. Summ. J., Ex. 1, Spalding Aff. ¶ 2).

2. Defendant Jeffrey S. King executed a Continuing Guaranty Agreement guarantying the payment of all obligations of the borrowers to the Bank. (*See* Compl. Ex. 2, Guaranty Agreement).

3. The Note has not been paid in full at maturity. (*See* Def.'s Answer ¶ 14-15).

4. As a result of the failure to make certain payments under the Loan Documents when they came due, including a failure to pay the Note at maturity, Plaintiff declared default under the terms of the Note and demanded payment in full, which Defendants have not paid. (*See* Def.'s Answer ¶ 15).

Based on these facts, Plaintiff asserts that it is entitled to summary judgment in its favor. Plaintiff further notes that, by their own terms, the Note and Guaranty are governed by the substantive law of South Carolina. The elements for breach of contract in South Carolina are (1) the existence of a contract; (2) breach; and (3) damages caused by the breach. *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009). Further, "[w]here the terms of a contract are clear and unambiguous as a matter of law, its construction is for the court." *Black v. Freeman*, 262 S.E.2d 879, 880 (S.C. 1980).

After a thorough review of the record, as well as the documents cited by the Plaintiff in support of its Motion and the documents cited by the Defendants in opposition, the Court agrees that Plaintiff is entitled to summary judgment. The undisputed facts set forth by Plaintiff conclusively demonstrate that Defendants executed the Note and are in default of that Note. The Court finds that the terms of the Note are clear and unambiguous. As such, the Court finds that there is no genuine dispute as to any material fact with respect to Plaintiff's claim for breach of contract, and that Plaintiff is entitled to summary judgment in its favor.

In defense of this claim, Defendants allege: (1) that the Plaintiff failed to join a necessary party-defendant to the action, namely AT-NET Services-D.C., Inc.; (2) that the Plaintiff has materially breached its contract with Defendants by breaching a fiduciary duty with respect to the disposition of collateral, thereby excusing Defendant's performance; and (3) that Plaintiff has not proven the amount of damages, if any, to which it may be entitled. The Court has considered each of these arguments and finds that they are without merit.

First, AT-NET Services-D.C., Inc. is not a necessary party-defendant. Although this company is a signatory on the original promissory note, the Modification Agreement executed on December 21, 2010 expressly provides that "At-Net Services-D.C., Inc. is no longer active and doing business and it is hereby removed as a Borrower from the Loan and Security Agreement and the Note." (*See* Pl. Mot. Summ. J., Ex. 1, Mod. Agreement ¶ 2). In any event, and by the terms of the contract, Defendants' payment obligation is joint and several. As such, the Court finds that all necessary parties are before it.

Second, Plaintiff has not materially breached its contract with the Defendants. Defendants argue that under the terms of the Loan and Security Agreement, they granted an irrevocable Power of Attorney to PNC Bank, and as such a fiduciary relationship exists. (*See*

Def.'s Brief in Opp. At 3-6). That fiduciary duty, they argue, obligated Plaintiff to proceed against collateral prior to initiating this action. However, the plain language of the loan documents demonstrates that Plaintiff had no duty, fiduciary or otherwise, to proceed against collateral before bringing suit. The sections of the agreement cited by Defendants appear to outline remedies "which may be exercised" by Plaintiff upon default. Section 4.5 specifically provides that "under no circumstances shall Bank be under any duty" to act in a certain manner upon default. (*See* Pl. Mot. Summ. J., Ex. 1, Loan and Security Agreement ¶ 4.5). Thus, while the Agreement gave Plaintiff the option of proceeding against collateral in the event of default, at no point in the Agreement was Plaintiff required do so before bringing suit. In fact, the terms of the Agreement provide Plaintiff a wide degree of latitude in the event of default. Thus, the Court finds that Plaintiff has not materially breached the contract.

Finally, the amount of damages that Plaintiff requests reflects the terms of the contract. Plaintiff asserts that, as of January 28, 2014, Defendants owed Plaintiff the principal amount of $2,494,659.51, together with accrued interest in the amount of $156,955.66, plus late fees and other charges in the amount of $132,113.01, plus interest from January 28, 2014 per diem at 5%, or $346.48. Additionally, Plaintiff requests attorneys' fees equal to 15% of the amount owed, which is $417,559.23. (*See generally* Plaintiff's Mem. in Support of Mot. for Summ. J.). The interest rate, late fees, and attorneys' fees were clearly and unambiguously outlined in the Agreement, which was executed by the Defendants. (*See generally* Pl. Mot. Summ. J., Ex. 1). Defendants specifically object to the amount of attorneys' fees requested, but the Agreement clearly provides for an award of attorneys' fees not less than 15% of the amount owing. (*Id.*) Plaintiff notes, and the Court agrees, that "[w]hen a note provides for attorneys' fees at a specific rate in the event collection becomes necessary, the amount of attorneys' fees is governed by the

contract." *West v. Gladney*, 533 S.E.2d 334, 338 (S.C. Ct. App. 2000). Thus, after a thorough review of the record, the Court finds that the amount of damages requested is supported by the contract, and that Plaintiff is entitled to recover the damages as requested.

## IV. CONCLUSION

The Court finds that PNC Bank has shown that Defendants breached their contract, that there is no genuine dispute as to any material fact in this case, and that PNC Bank is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that:

(1)   Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

(2)   The Clerk of Court is directed to enter judgment in favor of the Plaintiff PNC Bank;

(3)   Defendants are liable to Plaintiff, jointly and severally, for the principal amount of $2,494,659.51, together with accrued interest in the amount of $156,955.66, plus late fees and other charges in the amount of $132,113.01, plus interest from January 28, 2014 per diem at 5%, or $346.48, until the date of judgment. Defendants are also liable to Plaintiff, jointly and severally, for attorneys' fees totaling $417,559.23. Post-judgment interested shall accrue on the entire judgment at the rate specified under 28 U.S.C. § 1961 from the date of entry of this judgment until paid in full.

**SO ORDERED.**

Graham C. Mullen
United States District Judge